**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**CONNIE COTHRAN FLORING,**
**PHILIP FLORING, and MIRIAM**
**COTHRAN SPURLOCK** **PLAINTIFFS**

VS.   CASE NO.: 2-10-CV-0003 BSM

**DAVID H. ARRINGTON OIL AND GAS, INC.** **DEFENDANT**

**ORDER**

Defendant David H. Arrington Oil & Gas, Inc. ("Arrington") moves to dismiss the complaint filed by plaintiffs Connie Cothran Floring, Philip Floring, and Miriam Cothran Spurlock (Doc. No. 3). Plaintiffs have responded (Doc. No. 6) and Arrington has replied (Doc. No. 9). For the reasons set forth below, Arrington's motion is denied.

**I. ALLEGATIONS**

Plaintiffs are Arkansas residents and Arrington is a Texas corporation doing business in Arkansas. Compl., ¶ 8-9. Plaintiffs allege they leased to Arrington the mineral rights for 457.04 acres of land that they own in Phillips County, Arkansas. Compl., ¶ 11. They allege that Arrington gave them a $137,112.00 lease bonus, in the form of a bank draft, as consideration for the leases. Compl., ¶ 16, 18. The Oil and Gas Lease attached to the complaint states that on March 3, 2006, plaintiffs leased mineral rights "for and in consideration of cash bonus in hand paid . . .." Oil and Gas Lease, attached at Exhibit A to plaintiffs' complaint ("the lease"). Plaintiffs allege that Arrington later failed to pay the draft and it was returned to them unpaid. Compl., ¶ 20.

In the complaint, plaintiffs claim breach of contract and fraud and seek compensatory as well as punitive damages. Plaintiffs claim that the leases required Arrington to pay plaintiffs the lease bonus and that Arrington breached the contracts by not paying the bonus. Compl., ¶ 22. In the alternative, plaintiffs claim that the contractual principles of unjust enrichment and promissory estoppel demand that Arrington pay the lease bonus. Compl., ¶ 23. They argue Arrington promised to pay the bonus with cash in hand, and plaintiffs reasonably relied on the promise to their detriment. Compl., ¶ 23. Plaintiffs also claim that Arrington committed fraud when it asserted that it would pay the bonus with a draft and then dishonored the draft. Complaint, ¶ 24. Lastly, plaintiffs assert Arrington's conduct was intentional and willful, meriting punitive damages. Compl., ¶ 25.

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

III. CONCLUSION

Applying the analysis applied in *Hall v. David H. Arrington Oil*, Case No. 2:09-CV-00091-BSM (Doc. No. 42), Arrington's motion to dismiss (Doc. No. 3) is denied.

IT IS SO ORDERED THIS 2nd day of August, 2010.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE