**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**CONNIE COTHRAN FLORING,
PHILIP FLORING, and MIRIAM
COTHRAN SPURLOCK**                                                    **PLAINTIFFS**

**v.                          CASE NO. 2:10CV00003 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.                     DEFENDANT**

**ORDER**

Plaintiffs Connie Cothran Floring, Philip Floring, and Miriam Cothran Spurlock move for partial summary judgment on their breach of contract claim. [Doc. No. 11]. Defendant David H. Arrington Oil and Gas, Inc. ("Arrington") objects [Doc. No. 16], and plaintiffs have replied. [Doc. Nos. 21, 23]. For the reasons set forth below, plaintiffs' motion for partial summary judgment is denied.

**I. FACTS**

Viewing the facts in the light most favorable to Arrington, the nonmoving party, the facts are as follows. Plaintiffs and Arrington executed an Oil and Gas Lease (the "Lease") dated March 3, 2006. Lease attached at Exhibit A to Complaint. The lease provides, in part:

> THIS AGREEMENT is made and entered into on this 3rd day of March, 2006. Between Connie Cothran Floring and Philip Floring husband and wife . . . and Miriam Cothran Spurlock and Tress Spurlock husband and wife . . . hereinafter called Lessor (whether one or more), and David H. Arrington Oil & Gas Inc., P.O. Box 2071, Midland, Texas 79702, hereinafter called Lessee.
>
> Witnesseth: That the said Lessor, for and inconsideration of a cash bonus in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of Lessee to be paid, kept, and performed, has GRANTED, DEMISED, LEASED and LET, and by these

>presents does GRANT, DEMISE, LEASE and LET unto the said Lessee, for the sole and only purpose of exploring by geophysical and other methods, mining and operating for oil (including but not limited to distillate and condensate) gas (including casinghead gas and helium and all other constituents), and for laying pipelines and building tanks, powers, stations, and structures thereon, to produce, save, and take care of said products, all that certain tract of land, together with any reversionary rights therein, situated in the County of Phillips, State of Arkansas, and described as follows:
>. . .
>and containing 457.04 acres, more or less. In addition to the land described above, Lessor hereby grants, leases, and lets exclusively unto Lessee, to the same extent as it specifically described herein, all lands owned or claimed by Lessor which are adjacent, contiguous to, or form a part of the lands above particularly described, including all oil, gas, and their constituents underlying lakes, rivers, streams, roads, easements, and right-of-way which traverse or adjoin any of said lands.
>
>1.      This lease, which is a "paid-up" lease requiring no rentals, shall be in force for a primary term of <u>five (5) years</u> from the date hereof, and for as long thereafter as oil or gas or other substances covered hereby are produced in paying quantities from the lease premises or from lands pooled therewith or this lease is otherwise maintained in effect pursuant to the provisions hereof.
>. . .
>13.     This lease shall be effective as to each Lessor on execution hereof as to his or her interest and shall be binding on those signing, notwithstanding some of the Lessors above named may not join in the execution hereof. The word Lessor as used in this lease means the party or parties who execute this lease as Lessor although not named above.
>
>14.     Lessee may at any time and from time to time surrender this lease as to any part or parts of the leased premises by delivering or mailing a release thereof to Lessor, or by placing a release of record in the proper County.
>. . .
>Exhibit A, Compl.

A bank draft, dated March 3, 2006, in the amount of $137,112 was paid to the order of Connie C. Floring, Phillip Floring, Miriam C. Spurlock, and Tress Spurlock. Draft attached at Exhibit B to Complaint. The draft provided, in part:

> On approval of lease or mineral deed described hereon, and on approval of title to same by drawee not later than 90 banking days after arrival of this draft at Collecting bank.
> . . .
> This draft is drawn to pay for Oil and Gas Lease, dated March 3rd, 2006, and covering 457.04 acres, more or less, being a tract of land in . . . Phillips County, Arkansas.
>
> The drawer, payee and endorsers hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the first time above specified subject alone to acceptance of payment hereof by drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said grantors, to recall or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.
>
> In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.

Exhibit B, Compl. Plaintiffs submit a copy of a receipt, dated March 15, 2006, requesting remittance of a cashier's check for the draft. *Id.* at 2. They also submit a collection letter from the drawee bank, Western National Bank in Midland, Texas, indicating the draft arrived there on March 17, 2006. *Id.* Finally, plaintiffs submit a copy of their draft stamped "Unpaid, July 24, 2006, Western National bank, Midland 880737." *Id.*

Arrington submits a copy of a lease it claims plaintiffs entered into before they attempted to lease the same interests to Arrington. The lease is dated February 17, 1997, and was apparently offered by Mont-Land Co. and signed by Frances Cothran. Lease attached at Exhibit C to Defendant's response to plaintiff's motion for partial summary judgment (Doc. No. 16).

Plaintiffs filed their complaint on January 14, 2010, alleging breach of contract, fraud, and seeking compensatory as well as punitive damages. They now seek partial summary judgment on their breach of contract claim, arguing (1) a binding contract exists between the parties; (2) Arrington denied payment on plaintiffs' draft in bad faith; (3) the language of the drafts contradicts the language of the leases, so the draft language should control; (4) they warranted their title and should have had an opportunity to cure any defects; and (5) the drafts were unconditional promises to pay by Arrington. Arrington objects, arguing (1) no binding contract existed between the parties because multiple conditions precedent were not fulfilled; (2) it did not fail to exercise good faith and fair dealing because Arrington did not owe plaintiffs any duties, since a contract was not formed; and (3) the plaintiffs do not hold clear title to the mineral interests they attempted to lease to Arrington.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, is not

required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a nonmoving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

### III. DISCUSSION

Summary judgment on plaintiffs' breach of contract claim is not appropriate because a fact issue remains as to whether a contract was formed between the parties. Pursuant to the analysis in *Whistle v. David H. Arrington Oil & Gas, Inc.*, No. 2:08-CV-00037-BSM, 2009 WL 1529819, at *8 (E.D. Ark. June 1, 2009) (Doc. No. 48), the drafts placed only one condition precedent, title approval by Arrington, on the formation of each lease contract. Even though Arrington maintains additional conditions precedent existed, *Whistle* still controls, and the only issue is whether Arrington disapproved of plaintiffs' title in good faith. Moreover, both parties' lengthy arguments on the marketability of plaintiffs' title are irrelevant to the occurrence or nonoccurrence of the condition precedent of title approval by

Arrington. The question is not whether the plaintiffs' title ultimately was marketable at the time of the lease offer, but whether Arrington's assessment of the plaintiffs' title caused his decision to dishonor their draft.

Plaintiffs advance David Arrington's deposition testimony from a related case that Arrington dishonored a lessor's draft because a nearby test well turned out to be a "dry hole" as proof that Arrington disapproved their draft for reasons unrelated to title. Indeed, this inculpating statement has supported several grants of summary judgment in favor of Phillips County plaintiffs against Arrington. *See Hall v. Arrington*, No. 2:09-CV-00091-BSM (Doc. No. 55) (Aug. 19, 2010); *Smith et al. v. Arrington*, No. 2:09-CV-00101-BSM (Doc. No. 54) (Sept. 3, 2010). But the dispositive evidence in those cases was Arrington's admission that "the decision [to deny] the Phillips County lease offers and drafts *for the period of July 26, 2006, and after* was made based upon a corporate decision related to financial considerations and the belief that extraction was not a viable venture in that area." Defendant's Third Supplemental Response to Plaintiffs' First Set of Interrogatories and Requests for Production in *Kemmer v. Arrington*, No. 2:09-CV-00073, Attached to Pltfs.' Motion as Exhibit E (emphasis added). Plaintiffs' draft, however, was denied on July 24, 2006, placing it outside the temporal scope of the admission. Although this fact does not render the admission completely irrelevant, it does mean the admission cannot, by itself, compel summary judgment on the question of whether it denied plaintiffs' draft in bad faith: it is a non sequitur to find that Arrington's statement regarding its actions beginning on July 26, 2006,

necessarily explains its actions before that time period. To prevail on summary judgment, plaintiffs must show that no reasonable juror could find that Arrington dishonored their draft for good faith disapproval of title. Because they have not carried that burden, the breach of contract claim remains ripe for trial.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment [Doc. No. 11] is denied.

IT IS SO ORDERED THIS 13th day of October, 2010.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE